**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JUAN CHRISTIAN PEREZ OLMOS, Individually, and on behalf of all others similarly situated,** | * | **CIVIL ACTION NO.:_________** |
| **PLAINTIFFS** | * | **JUDGE:____________________** |
| | * | **MAGISTRATE:_____________** |
| **v.** | * | |
| **FIRST HORIZON BANK** | * | |
| **DEFENDANT** | * | |

* * * * * * * *

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Juan Christian Perez Olmos ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following against First Horizon Bank, a division of First Horizon Corporation ("Defendant" or the "Bank"), based where applicable on personal knowledge, information and belief, and the investigation of counsel.

## INTRODUCTION

1. This action concerns an automated response the Bank sends to mortgage customers upon receipt of payment through the Bank's online portal.

2. Specifically, when a customer attempts to pay his or her regular mortgage payment through Defendant's online portal, the customer receives the following response: "Dear [customer], Your payment in the amount of [amount] was received and applied to your loan on [date] for the following property: [loan number, address]."

3. The Bank sends this response to customers regardless of whether such payment was processed, received or applied. This automated response is false and misleading, and gives rise to the damages alleged herein.

## PARTIES

4. Plaintiff Juan Christian Perez Olmos is an individual of full age of consent at all times relevant herein, domiciled in New Orleans, Orleans Parish, Louisiana. Plaintiff is in the process of relocating to Deluth, Minnesota to start his medical career, but as of this writing, he does not have a Minnesota address, as he was unable to complete the purchase of a home there.

5. First Horizon Bank is a division of First Horizon Corp. Moreover, First Horizon is chartered under the laws of the State of Tennessee with its principal place of business at 165 Madison Avenue, Memphis, Tennessee 38103.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one Class member is a citizen of a state other than that of Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendant because it is doing business in the State of Louisiana and maintain branches throughout the State.

8. Venue is proper in this District under 28 U.S.C. 1391(b) because Defendant has caused harm to Class members residing in this District, including but not limited to Plaintiff, who is domiciled in New Orleans, Louisiana.

## FACTUAL BACKGROUND

9. First Horizon Corporation, formerly First Tennessee Bank, is a financial services company, founded in 1864, and based in Memphis, Tennessee. Through its banking subsidiary First Horizon Bank, it provides financial services through locations in 12 states across the Southeast, a region in which it is the fourth largest regional bank[1].

10. Plaintiff procured a loan from First Horizon Bank to purchase his soon-to-be former home at 920 Reyes Street, New Orleans, Louisiana 70117 (the "Property"). Plaintiff purchased the property to serve as his residence while he attended medical school at Tulane University in New Orleans.

11. Plaintiff preferred to make his regular monthly mortgage payment on the Property through the Bank's online portal (he had made other payments at a First Horizon branch in the past).

12. On or about May 27, 2025, Plaintiff used the Bank's online portal to make his regular mortgage payment in the amount of $2,169.68. Immediately upon initiating such payment, Plaintiff received a confirmation email that read: "One-Time Payment Confirmation. Good News! We received your payment request. Payments may take up to 2 business days to post. However, the transaction will be effective for the date submitted based on central standard time."

13. The following day, Plaintiff received the correspondence at issue herein. To wit, Plaintiff received the following:

> Dear Juan Perez Olmos,
>
> Your payment in the amount of $2,169.68 was received and applied to your loan on 05/27/2025 for the following property:

---

[1] https://en.wikipedia.org/wiki/First_Horizon_Bank

Loan# ……8570

920 REYES ST

Thank you.

14. Consequently, Plaintiff believed he was in compliance with the terms of his mortgage, only to discover later, when he checked his bank account balance, that the payment appeared outstanding.

15. As such, on June 3, 2025 Plaintiff attempted to make his regular mortgage payment again, believing there was a glitch with the Bank's system. Plaintiff received the same immediate acknowledgment and payment confirmation he had receive before.

16. And again, the following day, June 4, 2025, Plaintiff received the very same "Payment Notification." Once again, however, Plaintiff discovered that the payment had not actually processed.

17. Incensed, Plaintiff contacted the Bank, who informed him, after considerable aggravation, transfers to various representatives, and hours of time, that Plaintiff had entered his account number incorrectly in the payment portal when he created his online account.

18. Plaintiff asked why he would receive a "Payment Notification" confirming application to his loan, if the payment was not actually made. Plaintiff stated that he understood the initial acknowledgement of his payment request, but how could the Bank thereafter send notice that his payment request had been successful.

29. Thereafter, Plaintiff noticed that his credit score had dropped precipitously, due exclusively to his mortgage payment being delinquent. Once again, he contacted the Bank to dispute the derogatory entry on his credit, only to be told that it was his fault due to the

transposition of his account number he entered into the portal. The Bank refused to correct the derogatory entry in Plaintiff's credit files, thus causing great damage to Plaintiff.

20. In particular, Plaintiff is a recent medical school graduate and is about to embark on his medical career. As such, he would otherwise be eligible for a physician's loan to purchase a new home in his new location, but due to the Bank's refusal to correct Plaintiff's credit files, he is not eligible and therefor must rent, rather than purchase a new home.

21. Plaintiff, and those similarly situated suffer great damage at the Bank's hands due to its policy of sending false and misleading communications to its customers.

22. This class action lawsuit seeks to represent a class of individual consumers who received the second of the two responses from the Bank, the "Payment Notification," which unequivocally states that the class members' payments were applied to their loan, but were not.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of itself and as a class action, pursuant to the Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Class:

> All individual Horizon Bank customers that received the "Payment Notification," which stated: "Your payment in the amount of [amount] was received and applied to your loan on [date]," but whose payments were not in fact processed, and which caused damage to such customers in the form of derogatory credit reporting.

24. Excluded from the Class are all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and his or her immediate family. Plaintiff reserves the right to revise the Class definition based upon information learned through discovery.

25. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis as would be used to prove those elements individual actions alleging the same claim.

26. This action has been brought and may properly be maintained on behalf of the class proposed herein under Federal Rule of Civil Procedure 23.

27. **Numerosity**. The members of the class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. While Plaintiff believes that there approximately thousands of members of the class, the precise number of Class members is unknown at this time, but may be ascertained from Defendant's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, or published notice.

28. **Commonality**. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including:

a. Whether Defendant is responsible for the conduct alleged herein;

b. Whether Defendant is liable for the conduct of any third-party vendors, or contractors to whom Defendant may ascribe responsibility for such alleged conduct;

c. Whether Defendant constructed the systems at use in its services as a means to deceive individual Class members;

d. Whether Defendant's conduct violates consumer protection statutes and other laws as asserted herein;

e. Whether Plaintiff and the other Class members suffered damages as a result of Defendant's conduct;

f. Whether Plaintiff and the other Class members are entitled to equitable relief, including, but not limited to, restitution or other injunctive relief; and

g. Whether Plaintiff and the other Class members are entitled to recovery of damages and other monetary relief and, if so, in what amount.

29. **Typicality**. Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through Defendant's sending false and misleading communications.

30. **Adequacy**. Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other members of the Class it seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. The Class's interests will be fairly and adequately protected by Plaintiff and its counsel.

31. **Declaratory and Injunctive Relief: Federal Rule of Civil Procedure 23(b)(2)**. Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

32. **Superiority**. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant for its wrongful conduct.

33. Should individual Class Members be required to bring separate actions, this Court and/or courts throughout the United States would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

**COUNT I**

**(Breach of Contract)**

34. Plaintiff repeats the allegations set forth above as if fully set forth herein.

35. Plaintiff and all Class members used First Horizon Bank's online portal to make payments, whether they be mortgage payments, credit card payments, installment loan payments and the like. To do so, each Class member contracted with the Bank to properly and timely process those payment requests and apply said payments to their outstanding balances.

36. The Bank breached its contract with Plaintiff and all Class members by sending them the false and misleading communication that their payment request had been processed and the requested funds had been applied to their respective account.

37. As a result of the foregoing breaches of contract, Plaintiff and other members of the Class have been damaged in that their credit histories were severely damaged by the derogatory entry placed into their credit files (i.e. Equifax, Trans Union and/or Experian).

**COUNT II**

**(Negligence)**

38. Plaintiff repeats the foregoing allegations as if fully set forth herein.

39. Defendant owed Plaintiff and the Class a duty to treat them reasonably and fairly under the circumstances of their relationship.

40. Whether a duty exists is a question of law. *See Mundy v. Dept. of Health and Human Resources*, 620 So.2d 811 (La. 1993). Whether Defendant breached that duty is a question of fact. *Id.* The determination of whether Defendant's conduct was a cause-in-fact of the plaintiff's injuries is also a factual determination. *See Rando v. Anco Insulations, Inc.,* 08-1163, 08-1169 (La. 5/22/09), 16 So.3d 1065.

41. Defendant willfully and/or negligently breached their duty to Plaintiff and the Class by sending them the false and misleading communication that their payment request had been processed and the requested funds had been applied to their respective account. In short, Defendant is liable unto Plaintiff and the Class for the damages it caused.

**COUNT III**

**(Unjust Enrichment)**

42. Plaintiff repeats the foregoing allegations as if fully set forth herein.

43. Defendant has been unjustly enriched in that they forced Plaintiff and all Class members by sending them the false and misleading communication that their payment request had been processed and the requested funds had been applied to their respective account.

44. Plaintiff and other Class members got less than what they agreed to when they decided to use the Bank's online portal to make payments to their respective loan accounts.

PLAINTIFF DEMANDS A TRIAL BY JURY.

**WHEREFORE**, Plaintiff, individually and on behalf of other Class members respectfully request that the Court enter judgment in their favor and against Defendant, as follows:

A. Certification of the proposed Class, including appointment of Plaintiff's counsel as Class Counsel;

B. An order temporarily and permanently enjoining Defendant from continuing the unlawful false and misleading communications.

C. Costs, restitution, damages, and disgorgement in an amount to be determined at trial;

D. For punitive damages as permitted by law;

E. An order requiring Defendant to pay both pre and post-judgment interests on any amounts awarded;

F. An award of costs and attorneys' fees; and

G. Such other or further relief as may be appropriate.

DATED this 29th day of August, 2025.

MICHAUD CONSUMER LAW, LLC

/s/ Marc R. Michaud

Marc R. Michaud, T.A. (#28962)
1100 Poydras Street, Suite 2900
New Orleans, Louisiana 70163
Telephone: (504) 910-6775
Facsimile: (504) 910-6953
*Attorneys for Plaintiff*